# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                    CASE NO: 8:06-cr-82-T-30EAJ

OBIER ALZATE-DELGADO

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. #187).  Upon review and consideration, the Court determines this is prompted by a misreading of *United States v. Bellaizac-Hurtado*, 700 F. 3d 1245 (11th Cir. 2012).  In his motion, Defendant claims this Court did not have jurisdiction to reach drug crimes committed in foreign waters.  But Defendant was not located in foreign waters at the time of his arrest.

In his plea agreement (Dkt. #85), Defendant admitted the following facts:

    9.    <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

<u>FACTS</u>

From an unknown date, but at least beginning March 5, 2006, through March 6, 2006, the defendant, OBIER ALZATE-DELGADO,

along with his five co-defendants, ANTONIO RUIZ-ANGULO, PABLO ELIESER VILLA-RENDON, SAUL CALONJES-SALAS, JOSE ABEL RENDON-RAMOS, and TIMOTHY CUEROVILLA were crew members aboard a 45ft. go-fast type vessel in international waters in the Eastern Pacific Ocean. All six of the crew member defendants are Colombian nationals.

While on routine patrol in the Eastern Pacific, the United States Coast Guard (USCG) Cutter MORGENTHAU detected the go-fast vessel on radar as the go-fast was emerging from a squall line approximately 4 nautical miles away. A HITRON Slinger-95 helicopter that was launched from the MORGENTHAU to pursue the go-fast reported that the go-fast vessel was a 45ft. closed hull with four 200 HP outboard engines and no visible indication of nationality. Attempts to hail the go-fast were unsuccessful and warning shots were fired to compel the vessel to stop. The crew of the Slinger-95 observed some of the defendants leaning on the outboard engines of the go-fast and throwing paperwork overboard. After receiving permission to board the go-fast, the USCG LEDET located 124 bales of cocaine weighing approximately 6,820 pounds in plain view in the forward hull.

When questioned, co-defendant VILLA-RENDON claimed to be the master of the go-fast vessel and stated that the go-fast vessel and the crew were of Colombian Nationality. When contacted, the Colombian Navy could neither confirm nor refute the nationality or registry for the go-fast vessel; therefore it was declared to be a vessel without nationality subject to the jurisdiction of the United States pursuant to Title 46 Appendix, United States Code, Section 1903(c)(2), and the USCG LEDET took jurisdiction over the vessel, the cocaine and the crew member defendants.

The United States recognizes territorial seas of foreign nations up to twelve nautical miles adjacent to foreign coasts. *See U.S. v. McPhee*, 336 F. 3d 1269, 1273 (11th Cir. 2003). Since Defendant was apprehended in international waters, he was subject to the jurisdiction of U. S. Courts. *U. S. v. Tinoco*, 304 F. 3d 1088 (11th Cir. 2002), *cert. denied*, 538 U.S. 909, 123 S. Ct. 1484 (2003).

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss (Dkt. #187) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of July, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2006\06-cr-82 mtd 187 Delgado.docx